UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARMAINE COOKE,

                Plaintiff,

    - against -

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.,

                Defendant.

-------------------------------------------------------------X
CHARMAINE COOKE,

                Plaintiff,

    - against -

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.,

                Defendant.

-------------------------------------------------------------X

23-CV-7330 (PAE) (RWL)

**ORDER**

24-CV-536 (PAE) (RWL)

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order addresses several pending motions filed by Plaintiff in these consolidated cases. While the Court had been waiting to discuss these matters at an initial pretrial conference, Plaintiff has indicated her lack of clarity as to why the Court should not first resolve her pending motions before holding a conference and has requested that any such conference be adjourned sine die. (See 7330 Dkt. 65 ¶¶ 14-16; 536 Dkt. 55 ¶¶ 14-16.) The Court agrees with Plaintiff that determination of her motions need not await a case management conference and are readily resolved on the existing record. Accordingly, the Court determines as follows.

1

1. **Motions to Remand:** The actions, initially filed by Plaintiff in New York State Court in Bronx County assert claims, among others, for discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). (7330 Dkt. 1-1 ¶¶ 23-24, 536 Dkt. 3-1 ¶ 34.) Defendant filed notice of removal in both actions within the 30-day time limit to do so, pursuant to 28 U.S.C. § 1446 (b)(1), on the basis of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff has filed motions to remand and/or to transfer the cases back to state court. (7330 Dkt. 27; 536 Dkts. 5, 16.) Plaintiff has not offered any meritorious basis for the Court to remand the cases back to state court. Pursuant to 28 U.S.C. § 1441, Defendant is entitled to remove the cases to this court because the complaints assert claims under federal law and state law claims subject to the Court's supplemental jurisdiction. Accordingly, Plaintiff's motions to remand and/or transfer the cases back to state court are DENIED.

2. **Motion to Approve Default Certificate:** Plaintiff has applied for a certificate of default against the Defendant in 24-CV-536. (536 Dkt. 22.) As previously ordered by the Court, however, Defendant's time to respond to the Complaint in both cases was stayed pending the initial pretrial conference. (7330 Dkt. 28; 536 Dkt. 9.) Such conference has not been held due to multiple adjournments. Defendant thus has not failed to answer within the requisite time. To the extent Plaintiff argues that Defendant failed to timely respond in state court, Plaintiff's notice of removal within the requisite time frame renders the issue moot. *See* 28 U.S.C. § 1446(b)(1). Accordingly, Plaintiff's motion for approval of a certificate of default is DENIED.

3. **Motions to Dismiss Proposed Case Management Plan:** Plaintiff has moved multiple times to dismiss the case management plan proposed by Defendant. (*See* 7330 Dkts. 55, 58; 536 Dkts. 42, 47.) The Court previously addressed the issue on March 25,

2024, indicating that it would address the proposed case management plan at the initial case management conference. (7330 Dkt. 57; 536 Dkt. 46.) However, the dates previously proposed in the proposed case management plan are now obsolete given the passage of time. Accordingly, Plaintiff's motions in regard to the proposed case management plan are moot, and her motions in that regard are DENIED.

    **4. Motions To Amend Complaint:** Plaintiff has moved to amend her complaint in both actions. (7330 Dkt. 60; 53 Dkt. 49.) Plaintiff states that the initial complaint included certain omissions, incorrect dates, and other errors. Plaintiff has not, however, submitted with her motion either the proposed amended complaint or a document indicating the changes proposed in comparison to the initial complaint. Without those documents, neither the Court nor the non-moving party can assess the proposed amendments. Accordingly, Plaintiff's motions to amend are DENIED WITHOUT PREJUDICE to filing a renewed motion to amend that attaches both the proposed amended complaint and a document highlighting, underscoring, or otherwise denoting the proposed changes. Plaintiff shall renew her motion with the required filings **by May 15, 2024**. In the meantime, Defendant need not respond to the initial Complaint. In the event Plaintiff files an amended Complaint with leave of the Court, Defendant shall respond to the amended Complaint within 30 days of filing of the amended Complaint. In the event the Court determines that no amendment shall be permitted, Defendant shall respond to the initial Complaint within 30 days of the Court's determination.

    **5. Feb. 16, 2024 Motion To Extend Time To Retain Attorney** (7330 Dkt. 26): This motion was effectively superseded by Plaintiff's motion on March 1, 2024 (7330 Dkt. 34), which the Court resolved on March 5, 2024 (7330 Dkt. 38). The motion at 7330 Dkt. 26 therefore should be terminated.

**6. Motions to Reverse Decision:** By order dated March 21, 2024, after having granted multiple adjournments of the initial pretrial conference, the Court ordered in no uncertain terms that the adjournment granted that date was the final one, that the Court would schedule the conference by telephone for Plaintiff's convenience, and that if Plaintiff does not appear pro se or through counsel at the conference, the case may be dismissed for failure to prosecute. Plaintiff now has moved for the Court to reconsider ("reverse" as Plaintiff puts it) its previous order and adjourn proceedings "sine die" until she retains counsel. (7330 Dkt. 64; 536 Dkt. 54.) In support of her motion, Plaintiff has submitted an unsworn "to whom it may concern" note dated April 8, 2024, from a psychologist who states that Plaintiff has unresolved psychological distress and "requires a respite from the legal work she is engage in on a pro se basis; a similar note from the same psychologist dated February 28, 2004; and a medical record from a doctor's visit on December 29, 2023, in which Plaintiff complained of various pains and difficulties and was assessed with left shoulder impingement. Plaintiff previously has submitted the February 28, 2024, psychologist note and others in connection with earlier motions for adjournment that were granted. (*See, e.g.*, 7330 Dkt. 51 at ECF 13, 17.)

A motion to reconsider may only be granted if "the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal quotation marks and citations omitted). Here, Plaintiff has not presented the Court with any fact or law that the Court overlooked or any intervening change in law that would

warrant reconsideration. Plaintiff has, however, provided an updated note, albeit unsworn, from the psychologist stating that Plaintiff's symptoms recently increased in severity and that Plaintiff requires a "respite" from her legal work. Plaintiff also stated that she had not timely received requested motions and discovery guides from the pro se office.

While the Court is sympathetic to Plaintiff's challenges, the record demonstrates that Plaintiff has been able to author and file numerous pleadings and motions in both cases from as early as July 2023 (when she first filed in state court) through every month, except December, until the present. Plaintiff's filings have been orderly, coherent, and intelligible (even if without merit). In other words, Plaintiff has demonstrated that she is quite able to manage her cases. Rather than appear for the initial case management conference, however, Plaintiff has instead actively resisted prosecuting her case – even though the Court most recently scheduled the initial conference to take place by telephone so that Plaintiff would not have to leave her residence. No doctor has indicated that Plaintiff is not able to participate in a phone conference with the Court.

The Court also will not adjourn proceedings sine die until Plaintiff obtains counsel – Plaintiff has had the opportunity to do so ever since – and before – she filed the first case eight months ago; and the Court already has afforded her multiple extensions. If Plaintiff is not already aware of the New York Legal Assistance clinic, the Court includes a flyer with that organization's contact information. While the clinic may be able to provide some assistance, the Court cannot guarantee that the clinic will be able to do so given their limited resources.

Accordingly, Plaintiff's motions for reconsideration are DENIED. The conference scheduled for April 22, 2024, at 9:30 a.m. by telephone will go forward as scheduled with

one modification: the parties are not required to meet and confer or file a case management plan or schedule in advance of the conference; the parties, however, should be prepared to discuss case planning and scheduling during the conference. The motions are otherwise denied.

The Clerk of Court is respectfully directed to terminate the following motions. Dkt. 23-CV-7330, Dkts. 26, 27, 55, 58, 60, 64; and 24-CV-536, Dkts. 5, 16, 22, 42, 47, 49, 54.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 12, 2024
       New York, New York

The Court respectfully requests the Clerk of Court to mail a copy of this Order to the pro se Plaintiff:
Charmaine Cooke
834 Penfield Street, #4Hs
Bronx, NY 10470